UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BRIANNA EGAN,

                    Plaintiff,

   -against-

WHO'S WHO OF PROFESSIONALS INC.,
WHO'S WHO OF PROFESSIONALS NY INC.,
SCOTT MINUTA and CINDY HAYES,

                    Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

      Plaintiff, BRIANNA EGAN ("Plaintiff"), by and through her attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, WHO'S WHO OF PROFESSIONALS INC., WHO'S WHO OF PROFESSIONALS NY INC., SCOTT MINUTA and CINDY HAYES (collectively "Defendants"), alleges as follows:

## INTRODUCTION

      1.     Plaintiff, Brianna Egan, worked as a membership coordinator for Defendants, who failed to pay Plaintiff's wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"). When Plaintiff complained about not receiving her wages, Defendants fired her. To challenge these and other wage law violations, Plaintiff brings this action against Defendants to recover damages under the provisions of the FLSA.

## JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

      3.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b).

      4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

5.	Defendants do business in the State of New York, within the Eastern District of New York, and maintain a place of business at 3001 Northern Boulevard, Long Island City, New York 11101.

## PARTIES

6.	At all times relevant to the complaint, Plaintiff was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

7.	Defendant, Who's Who of Professionals Inc., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

8.	At all relevant times, Defendant, Who's Who of Professionals Inc., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

9.	At all times relevant, the Defendant, Who's Who of Professionals Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.	Defendant, Who's Who of Professionals NY Inc., was and still is a domestic business corporation organized and existing pursuant to the laws of the State of New York.

11.	At all relevant times, Who's Who of Professionals NY Inc., was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

12.	At all times relevant, the Defendant, Who's Who of Professionals NY Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. Defendant, Scott Minuta, is and/or was an officer or owner of the corporate defendant, had authority to make payroll and personnel decisions for the corporate defendant, was responsible for the decision to terminate Plaintiff's employment, was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law.

14. Defendant, Cindy Hayes, is and/or was Director of Human Resources and participated in personnel decisions including the decision to terminate Plaintiff's employment.

### FACTS

15. Plaintiff worked for Defendants as a remote membership coordinator in Wyoming from in or about April 18, 2021 until February 9, 2023. Plaintiff's primary duty involved making outgoing telephone calls to members and prospective members.

16. Plaintiff regularly worked from 7:00 a.m. to 4:00 p.m. (MST), with a one-hour lunch period, Monday through Friday each workweek.

17. Plaintiff's compensation included a weekly salary in the amount of $500, plus commissions and incentive bonuses.

18. Defendants failed to compensate Plaintiff at all for hours worked between December 27, 2022 and February 9, 2023.

19. Defendants issued a check to Plaintiff, dated January 20, 2023 in the amount of $640.22, drawn against an account with insufficient funds. The check was returned by Plaintiff's bank and she incurred a bounced check fee.

20. Defendants issued another check to Plaintiff in the amount of $560.09, which was also drawn against an account with insufficient funds.

21. On February 2, 2023, Plaintiff informed Defendant Hayes, that the check Defendants issued for the period December 27, 2022 to December 30, 2022, had been returned by her bank because of insufficient funds. Hayes advised Plaintiff that she would inform Defendant Minuta.

22. On February 7, 2023, Plaintiff informed Defendant Hayes that the check Defendants issued for the period January 2, 2023 to January 6, 2023, was also returned for insufficient funds.

23. On February 8, 2023, Plaintiff complained to Defendant Hayes that she was owed unpaid wages for several workweeks and had not been paid since December 2022.

24. On February 9, 2023, Defendants willfully terminated Plaintiff's employment in retaliation for her complaints about Defendants' failure to pay her wages.

25. Defendants' actions were taken in conscious disregard of Plaintiff's federally protected rights.

26. Defendants willfully failed to pay Plaintiff proper compensation in violation of the FLSA.

27. As of the date of the commencement of this action, Defendants have failed to pay Plaintiff the wages she is owed for seven workweeks.

28. Defendants' actions have caused Plaintiff to suffer the loss of income.

29. Defendants' actions have caused Plaintiff to suffer emotional distress and mental anguish.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT RETALIATION**

30. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

31. Plaintiff inquired or complained about Defendants' failure to pay her wages to Defendant Hayes, Director of Human Resources.

32. By complaining about the propriety of these pay practices to Defendants, Plaintiff engaged in activity protected under the FLSA.

33. Shortly thereafter, Defendants terminated Plaintiff's employment.

34. Plaintiff's termination from employment was an adverse employment action.

35. Plaintiff's termination from employment was causally connected to her inquiries regarding her unpaid wages.

36. Defendants violated Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) by discriminating against Plaintiff for exercising rights protected under the Act.

37. As a result of these violations by Defendant of the FLSA, the Plaintiff is entitled to damages as set forth in the FLSA, more specifically 29 U.S.C. § 215(a)(3), in an amount to be determined at trial.

38. Defendants' actions were taken in conscious disregard of Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages.

## SECOND CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT – UNPAID WAGES

39. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendants willfully failed to compensate the Plaintiff for the time worked at a rate of at least the federal minimum wage, in violation of the FLSA.

41. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

42. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover unpaid wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(ii) Backpay damages;

(iii) Compensatory damages for emotional distress and mental anguish'

(iv) Punitive damages;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the FLSA;

(vi) Pre- and post-judgment interest as permitted by law;

(vii) All attorneys' fees and costs incurred in prosecuting these claims; and

(viii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
February 27, 2023

                LAW OFFICE OF PETER A. ROMERO PLLC

                */s Peter A. Romero*
By: _____
                Peter A. Romero, Esq.
                490 Wheeler Road, Suite 250
                Hauppauge, New York 11788
                Tel. (631) 257-5588
                promero@tomerolawny.com

                *Attorney for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Who's Who of Professionals NY Inc., for unlawful retaliation in violation of the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case.

_____
Brianna Egan (Feb 14, 2023 16:33 MST)
Brianna Egan

02/14/2023
_____
Date